**Joseph P. MURRAY, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

No. CA 91–3288.

United States District Court, District of Columbia.

Oct. 26, 1992.

Achim Kriegsheim, Robert B. Nelson, Alexandria, Va., for plaintiffs.

Charlotte A. Bradley, Ben Blustein, Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are defendant District of Columbia's motion to dismiss, defendant Walter B. Ridley's motion to dismiss, and the oppositions and replies thereto. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Upon consideration of the entire record, the Court finds that the complaint fails to state a claim for which relief can be granted, but grants plaintiffs 28 days in which to amend their complaint.[1] *See* Fed.R.Civ.P. 12(b)(6). "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 ..." Fed.R.Civ.P. 52(a). Nevertheless, for the benefit of the parties, the Court sets forth briefly its reasoning.

### Background

The Court takes the facts directly from plaintiffs' complaint. Plaintiffs, four white males employed by the District of Columbia Department of Corrections, allege discrimination based on race and age. All four plaintiffs seek relief under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act. Plaintiffs Joseph P. Murray, Richard A. Sutton, and Alex J. Theriault, also seek relief under the Age Discrimination in Employment Act (ADEA).[2]

Plaintiff Murray, a fifty year-old, filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging race and age discrimination, due to a denial of promotion to Supervisory Correctional Treatment Specialist and denial of a promotion to the position of Correctional Program Officer. He had applied for these positions and had been found highly qualified, but was not selected. The EEOC issued him a right-to-sue letter on September 25, 1991.

1. Although only defendants Ridley and the District of Columbia have moved to dismiss, the Court finds that dismissal *sua sponte* as to defendant Kelly is appropriate as plaintiffs have had an opportunity to respond to the relevant issues in opposing the other defendants' motions. *Cf. Baker v. Director, United States Parole Comm'n,* 916 F.2d 725 (D.C.Cir.1990) (holding that a case may be dismissed *sua sponte* under Rule 12(b)(6) prior to service, without motion by defendants or briefing by the parties).

2. Plaintiffs also make class allegations in their complaint. However, because they did not move to certify a class within 90 days of filing their complaint, as required by Local Rule 203(b), they now proceed individually.

Plaintiff Sutton, a fifty-four year-old, filed a complaint with the EEOC, alleging race and age discrimination, after being denied a promotion to the positions of Supervisory Correctional Treatment Specialist and Correctional Programs Officer. The EEOC issued him a right-to-sue letter on September 25, 1991.

Plaintiff Richard Lamb, a thirty-six year-old, applied for a promotion to Correctional Program Officer in March of 1990, "and was not selected while black males were." Complaint at 3, ¶ 3(b). He was also denied a promotion to Supervisory Correctional Treatment Specialist on September 21, 1990. He filed an EEOC complaint and the EEOC issued him a right-to-sue letter on September 25, 1991.

Plaintiff Alex Theriault, a forty-two year old, "applied for promotion to Correctional Program Officer ... and was not selected while black males were." Complaint at 4, ¶ 3(d). He also was denied a promotion to Supervisory Correctional Treatment Specialist. He filed a complaint with the EEOC and the EEOC issued him a right-to-sue letter on September 25, 1991.[3]

*Discussion*

As to plaintiffs' claims under § 1981, Title VII, and the ADEA, the Court finds that plaintiffs have failed to allege facts sufficient to support a *prima facie* case. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court established a framework allocating the burdens of proof in Title VII cases. This same framework is also used for cases under § 1981, *see Carter v. Duncan–Huggins, Ltd.*, 727 F.2d 1225, 1232 (D.C.Cir.1984), and the ADEA,

see, e.g., *Coburn v. Pan American World Airways, Inc.*, 711 F.2d 339, 342 (D.C.Cir.) (citing *Cuddy v. Carmen*, 694 F.2d 853, 857 (D.C.Cir.1982)), *cert. denied*, 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed.2d 683 (1983). Under the *McDonnell Douglas* framework, the *prima facie* case for alleging discrimination in promotion is a showing that (1) plaintiff "belongs to a protected group," (2) plaintiff "was qualified for and applied for" the promotion, (3) plaintiff "was considered for and denied the promotion," and (4) "other employees of similar qualifications who were not members of the protected group were indeed promoted at the time the plaintiff's request for promotion was denied." *Daye v. Harris*, 655 F.2d 258, 262 n. 11 (D.C.Cir.1981) (quoting *Bundy v. Jackson*, 641 F.2d 934, 951 (D.C.Cir.1981)).

All four plaintiffs have alleged facts sufficient to survive a motion to dismiss as to prong three of the *McDonnell Douglas* test; all plaintiffs have alleged that they were considered for promotions and denied. Plaintiffs have arguably also alleged facts sufficient to establish prong one.[4] However, as to prongs two and four, plaintiffs' complaint fails to state a *prima facie* case.

As to prong two, only plaintiff Murray alleges facts sufficient to satisfy *McDonnell Douglas*. He alleges that he was found "highly qualified." Complaint at 2, ¶ 3(a). However, as to prong four, neither Murray nor Sutton allege that someone outside the allegedly protected group was promoted.[5] Therefore, plaintiffs' complaint fails to allege a *prima facie* case and can be dismissed for failure to state a claim. *Cf. Whitacre v. Davey*, 890 F.2d 1168, 1170 (D.C.Cir.1989), *cert. denied*, 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990) ("[I]f

3. The complaint does not state whether before the EEOC he alleged race or age discrimination, or both.

4. Because of the Court's holding as to prongs two and four, the Court need not decide whether plaintiffs have met prong one. To do so, plaintiffs would have to allege facts in the complaint sufficient to "support the suspicion that the defendants [are] that unusual employer who discriminates against [whites]." *See Parker v. B*

& O Railroad, 652 F.2d 1012, 1017–18 (D.C.Cir. 1981) (citing *Daye v. Harris*).

5. Plaintiffs' general and conclusory statement in the fact section of the complaint that "[s]aid black individuals who benefitted from said preferences in promotions were less qualified and/or had less seniority in the job category than the plaintiffs who were denied promotions" is insufficient to establish the necessary elements for a *prima facie* case.

a plaintiff alleges a *prima facie* case, the complaint may not be dismissed for failure to state a claim.").[6]

### Conclusion

For the reasons stated, the Court finds that the complaint fails to state a claim on which relief can be granted and dismisses the complaint without prejudice. Fed. R.Civ.P. 12(b)(6). The Court will allow plaintiffs 28 days from the date of this Order in which to file an amended complaint to attempt to correct the deficiencies in the original complaint, if such an amended complaint can be made in good faith. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 360–61 (2d. ed. 1990) ("A dismissal under Rule 12(b)(6) generally is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint.").

Accordingly, it hereby is

ORDERED, that the complaint is dismissed without prejudice. It hereby further is

ORDERED, that plaintiffs may file an amended complaint within 28 days of the date of this Order, if plaintiffs can allege the necessary elements in good faith.

SO ORDERED.

---

6. Although the Court dismisses the complaint as to all three defendants on the ground that plaintiffs have failed to state a *prima facie* case, the Court notes that naming the Director of the Department of Corrections, the Mayor, and the District of Columbia as defendants appears redundant. As the Supreme Court has explained, "official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dep't of Social Svcs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)).