Stanley J. WOODRUFF, Sr., Plaintiff,

v.

Michael F. DiMARIO, Public Printer, Government Printing Office, Defendant.

No. CIV.A. 00–0143(RMU).

United States District Court, District of Columbia.

Oct. 31, 2000.

Joseph L. Gibson, Jr., Gibson, Jones & Associates, LLP, Riverdale, MD, for plaintiff.

Laurie J. Weinstein, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

### Denying the Defendant's Motion to Dismiss Retaliation Claim

### I. INTRODUCTION

The plaintiff brings this action for disparate treatment on the basis of race, gender, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et. seq., as amended ("Title VII"). The matter now comes before the court on the defendant's motion to dismiss the retaliation claim.

After careful review of the complaint and the applicable law, the court holds that the complaint—as a matter of law—satisfies the minimum pleading standards prescribed by Federal Rule of Civil Procedure 8(a). Because the plaintiff need not make out a prima facie case of retaliation at the initial pleading stage, the court concludes that the complaint states a claim for retaliation upon which relief may be granted. Accordingly, the court denies the defendant's motion to dismiss the retaliation claim.[1]

## II. BACKGROUND

Stanley Woodruff ("the plaintiff" or "Mr. Woodruff"), an African–American man, brings this action against his employer, the United States Government Printing Office ("the defendant" or "GPO"), for alleged acts of unlawful employment discrimination. See Compl. at 2. He seeks compensatory damages, including back pay and adjustment of benefits, as well as a retroactive promotion. See id. Mr. Woodruff's claims arise from a promotion he applied for but did not receive.[2] See Compl. at 8. Although the GPO had identified Mr. Woodruff as one of the seven best candidates for the position, his supervisors passed him over in favor of a white female, Judith Miller, whom they had also named as one of the seven best candidates. See id.

Mr. Woodruff alleges that Ms. Miller's promotion, which occurred on June 21, 1993, was an act of disparate treatment on the basis of Mr. Woodruff's race (black), sex (male) and color (black) in violation of Title VII. See id. at 9. In addition to the claim for disparate treatment, Mr. Woodruff charges that his employer retaliated against him, also in violation of Title VII. See id. The GPO only

---

1. The court notes the brief reference to FED. R.CIV.P. 56(c) in the Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss Retaliation Claim. No extraneous material was considered by the court in ruling on the motion to dismiss, thus it has not been converted to a summary-judgment proceeding. See Richardson v. Rivers, 335 F.2d 996, 998 (D.C.Cir.1964); Norfolk Federation of Business Districts v. HUD, 932 F.Supp. 730, 736 (E.D.Va.1996); Judicial Watch, Inc. v. Clinton, 880 F.Supp. 1, 7 (D.D.C.1995).

2. The plaintiff sought a promotion to Head Deskman of the Video Keyboard Section, Electronic Photocomposition Division, Production Department, GPO. On May 21, 1993, the GPO issued Merit Promotion Vacancy Announcement No. 93–81, advertising for the position. See Compl. at 7.

moves to dismiss the plaintiff's retaliation claim.

The principal factual allegations are as follows. In April 1972, the GPO hired Mr. Woodruff as a security policeman. *See* Compl. at 6. In 1974, the GPO assigned him to the Composition Division, now the Electronic Photocomposition Division ("EPD"), which was "overwhelmingly comprised" of black men. *See id.* In 1978, the GPO revamped the EPD with new technology. Mr. Woodruff and several of his coworkers, also black men, brought a racial discrimination suit against the division for not training them in the new technology (*Brewington v. Boyle,* Dkt. No. 78–1290 (D.D.C.1979)). *See id.* The suit eventually settled and Mr. Woodruff received the training he had requested. Thereafter, in 1986, the GPO placed him in the Video Keyboard Section of the EPD as a Printing Specialist. *See id.* At the time he filed this complaint on January 27, 2000, Mr. Woodruff still worked for the Video Keyboard Section, as a Printing Specialist (Journeyman), GS–12, Step 9. *See* Compl. at 2–3.

The three managers who selected Judith Miller for promotion to Head Deskman are Charles E. Daily (Foreman, Video Keyboard Section, Shift 1), Robert Schwenk (Superintendent of the EPD), and Glenn H. Rottman (Director of Production Services). *See* Compl. at 8. All three are white men. *See id.* Mr. Foreman was the selecting officer, Mr. Schwenk the concurring officer, and Mr. Rottman the officer who gave final approval to Ms. Miller's selection. *See id.* The plaintiff alleges that Mr. Daily, Mr. Schwenk and Mr. Rottman said their decision to select Ms. Miller was based on merit (i.e., her greater experience, background, and knowledge), rather than the plaintiff's race, sex, color, or prior EEO activity. *See* Compl. at 7. The plaintiff, however, claims that the managers used merit as a pretext to mask unlawful and illegal discrimination in employment against the plaintiff based on race, sex, and color, and in retaliation for prior EEO activity. *See* Compl. at 7–8. For the reasons that follow, the court rules that the plaintiff's complaint states a claim for unlawful retaliation upon which relief may be granted. Accordingly, the court denies the defendant's motion to dismiss the retaliation claim.

## III. DISCUSSION

### A. Legal Standard for 12(b)(6) Motion to Dismiss

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. *See* FED. R.CIV.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *See* FED. R. CIV. P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled o.g. by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. D.C.,* 73 F.3d 418, 422. In deciding such a motion, the court is bound to accept as true all well-pleaded allegations of fact, excluding those that are overbroad and unsupported by specific factual averments. *See Pitney Bowes v. United States Postal Service,* 27 F.Supp.2d 15, 19 (D.D.C.1998). Moreover, the court should draw all reasonable inferences in the nonmovant's favor. *See Judicial Watch, Inc.,* 880 F.Supp. 1, 7.

### B. The Plaintiff States A Claim Upon Which Relief May Be Granted

In its motion to dismiss, the defendant argues that the retaliation claim is defective because the complaint does not allege sufficient facts to meet his burden of a prima facie case. *See* Mot. to Dis. at 1. Specifically, the defendant argues that the complaint fails to allege facts to support the *causation* element of his retaliation claim. *See* Mot. to Dis. at 3. The plaintiff, however, need not allege the elements of a prima facie case at the initial pleading stage. *See Sparrow v.*

**194**

*United Air Lines, Inc.,* 216 F.3d 1111 (D.C.Cir.2000).

The court should note that the defendant's confusion on this issue is understandable. While the District Courts in this circuit have always been cognizant of the liberal pleading standards of the Federal Rules of Civil Procedure, several of them—including this one— have held that the plaintiff must allege the basic elements of a prima facie case in the complaint. *See, e.g., Kilpatrick v. Riley,* 98 F.Supp.2d 9 (D.D.C.2000) (Urbina, J.); *Commeree v. Hantman,* 1999 WL 1611325 (D.D.C.1999); *Sparrow v. United Airlines, Inc.,* Dkt. No. 98–2194 (D.D.C.1999); *Murray v. District of Columbia,* 805 F.Supp. 1 (D.D.C.1992). But the D.C. Circuit recently rejected this line of cases. In *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C.Cir.2000), the Court of Appeals reversed the district court and held that a plaintiff was *not* required to set forth the elements of a prima facie case at the initial pleading stage. While noting that the *McDonnell Douglas* test for proving unlawful discrimination still applied[3], and that under the test the plaintiff has the burden of proof to establish a prima facie case of discrimination, the court also stated that "None of this, however, has to be accomplished in the complaint itself." *Id.* Emphasizing that the complaint only needs to give the defendant fair notice of the plaintiff's claims, the *Sparrow* court held:

In sum, we agree with the conclusion reached by Judge Easterbrook in *Bennett:* "Because racial discrimination in employment is 'a claim upon which relief can be granted,' . . . . 'I was turned down for a job because of my race' is all a complaint has to say" to survive a motion to dismiss under Rule 12(b)(6).

*Id.* (citing *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998)).

**3.** Under the *McDonnell Douglas* framework, first, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then

Thus, while *Sparrow* does not necessarily mark a departure from precedent, it does provide useful clarification for the district courts. Several other opinions from this circuit help to underscore the importance of the liberal pleading standards as they pertain to Rule 12(b)(6) motions to dismiss. For example, the D.C. Circuit recently stated that to require a high degree of factual or legal particularity in order for a complaint to survive a 12(b)(6) motion would conflict with the notice pleading requirements of Rule 8(a) that are reflected throughout the Federal Rules of Civil Procedure. *See Krieger v. Fadely,* 211 F.3d 134, 136 (D.C.Cir.2000). These D.C. Circuit cases serve as a stark reminder that a cornerstone of the Federal Rules of Civil Procedure, and Rule 8 in particular, was to establish a regime of *notice* pleading rather than one of *fact* pleading. *See Atchinson v. D.C.,* 73 F.3d 418, 421 (D.C.Cir.1996). As the Supreme Court has held:

[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . . the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests . . . . Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

*Conley v. Gibson,* 355 U.S. 41, 45–46, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted).

■ Along these lines, the D.C. Circuit recently admonished the district courts that "using 12(b)(6) rather than summary judgment to weed out what appear to be factually-deficient cases may be incompatible with Rule 8." *See Krieger,* 211 F.3d at 136 (citing *Bennett v. Schmidt,* 153 F.3d 516, 518–19 (7th Cir.1998)). In the instant case, the plaintiff alleges, among other facts, that he was the victim of reprisal for prior EEO activity, in violation of Title VII. *See* Compl. at 7–8. He has also named the specific individuals who allegedly retaliated against him. *See* Compl. at 7. The complaint goes as far as to provide a chronological description of his employment position with the GPO, the events leading up to his denial of promotion, and the name and title of those involved in this action. In fact, the 11-page complaint sets forth the grounds for the discrimination and retaliation claims in substantial detail.[4] Thus, the court finds that the complaint does, in fact, give the defendant sufficient notice of the nature of the plaintiff's claims and the grounds upon which they rest. *See Atchinson v. D.C.,* 73 F.3d 418, 421 (D.C.Cir.1996). Accordingly, the court denies the defendant's motion to dismiss the retaliation claim.

## C. Motion to Amend the Pleadings

■ The plaintiff requests a "reasonable period of time" in which to file an amended complaint in the event that the court concludes the retaliation claim cannot withstand the motion to dismiss. *See* Pl.'s Opp'n. Because the plaintiff has inexplicably failed to bring the matter before the court on a proper motion for leave to amend the complaint, the court has no occasion to rule on the plaintiff's "request." According to FED. R.CIV.P. 7(b)(1), any written request to the court for an order must be in the form of a motion, signed in accordance with Rule 11. Furthermore, Local Civil Rule 7.1(i) requires motions for leave to file amended pleadings to be accompanied by a copy of the proposed amended version. This is the majority rule, even in circuits that have not codified the requirement by local rule. *See Wolgin v. Simon,* 722 F.2d 389, 394 (8th Cir.1983). In this case the plaintiff has not filed a motion to amend the complaint. Rather, the plaintiff makes his request, almost as an aside, as part of the Plaintiff's Opposition to Defendant's Motion to Dismiss. *See* Pl.'s Opp'n at 7.

Since the plaintiff has not followed the proper procedure, it would be inappropriate for the court to construe *sua sponte* a motion for leave to amend the complaint from the "bare request" the plaintiff made in his opposition to the motion to dismiss. *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1280 (D.C.Cir.1994) (plaintiff's request to amend in an opposition to a motion to dismiss is not a motion within the contemplation of Rule 15(a)); *Government of Guam v. American President Lines,* 28 F.3d 142, 150 (D.C.Cir.1994) (neither appellants' opposition to the motion to dismiss, nor their counsel's reference to the assertion of new legal theories … was sufficient to constitute a motion under Rule 15(a) to amend the complaint); *Adams v. Clinton,* 40 F.Supp.2d 1, 5 (D.D.C. 1999) (refusing to consider motion as a request to amend or supplement complaint when no proposed amendment was appended to the motion).

## IV. CONCLUSION

For all of these reasons, the court denies the defendant's motion to dismiss the plaintiff's retaliation claim. An order consistent with this memorandum opinion is issued separately and contemporaneously this 31 day of October, 2000.

---

4. As the D.C. Circuit also noted in *Sparrow,* however, a plaintiff can actually plead too much, effectively pleading himself out of court by alleging facts that would render success on the merits impossible. *See Sparrow,* 216 F.3d at 1116. The plaintiff in this case came close to doing just that on his retaliation claim.