**Michael McCRAY, Plaintiff,**

v.

**Ann M. VENEMAN, Secretary, U.S. Department of Agriculture, et al., Defendant.**

**No. CIV. 00–426(RJL).**

United States District Court, District of Columbia.

Oct. 15, 2002.

———

Kathleen M. Frye, U.S. Attorney's Office, Washington, DC, for Victor Vasquez.

Beverly M. Russell, U.S. Attorney's Office, Washington, DC, Brian J. Sonfield, U.S. Attorney's Office, Civil Division, Washington, DC, for J. Norman Reid.

Kirk D. Williams, Law Offices of Kirk D. Williams, Washington, DC, for Michael McCray.

### Memorandum and Order

LEON, District Judge.

Before the Court is defendants' motion to dismiss the case. The defendants contend that Title VII is the exclusive remedy for the plaintiff's racial discrimination claims and that, to the extent that the plaintiff's tort claims are not preempted by Title VII, the plaintiff failed to name the proper party and failed to exhaust his administrative remedies related to the tort claims. For the reasons set forth below, the Court grants the defendants' motion to dismiss with prejudice.

### I. Background

Plaintiff Michael McCray, an African-American male, alleges that defendants Department of Agriculture ("Department") and Department officials discriminated against him based on his race. In May 1994, the Department hired the plaintiff as a graduate student intern, GS–9. According to the plaintiff, defendant Reid continually denied plaintiff's requests for performance appraisals and updated position descriptions. The plaintiff thus brought a discrimination complaint under Title VI, the Constitution, various Civil Rights Acts. He also alleges that after bringing the complaint he was subject to retaliation, including verbal harassment and further denial of raises and promotions, and that his promotion by another supervisor was unjustly prohibited by defendants.

The plaintiff, acting pro se, filed the original discrimination claim on March 2, 2000, which Judge Jackson dismissed without prejudice. The court also directed the plaintiff to include an appropriate defendant and viable claims in his amended claim and to raise the claims in a proper manner. The court also suggested that the defendant acquire counsel. On August 10, 2001, the plaintiff filed an amended complaint, which appeared to be identical to the original complaint, which Judge Jackson again dismissed without prejudice. On October 4, 2001, an attorney made an appearance on behalf of the plaintiff. The plaintiff then filed this third amended complaint on November 5, 2001.

The third amended complaint includes six counts: (1) defendants discriminated against the plaintiff based on his race in violation of various civil rights acts and anti-discrimination laws; (2) defendants conspired against the plaintiff to deprive him of his promotions and other employment opportunities, thus violating the Civil Rights Act of 1871 and the Constitution; (3) defendants denied the plaintiff due process "in ratifying an condoning the racially discriminatory treatment"; (4) defendants intentionally inflicted emotional distress by depriving plaintiff of "employment and promotion opportunities"; (5) defendants created a hostile environment such that the plaintiff was constructively discharged in violation of the Constitution; and (6) defendants deprived the plaintiff of his rights such that he is entitled to punitive damages. The plaintiff also seeks temporary and permanent injunction preventing the Department from continuing its allegedly unlawful actions.

### II. Discussion

The Court cannot grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). Thus in evaluating the defendants' motion the Court will assume the

truth of all of the factual allegations set forth in the plaintiff's complaint. *See Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985), and will construe the complaint liberally in favor of the plaintiff. *Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979).

██ The defendants seek to dismiss the plaintiff's claims because the exclusive remedy for employment discrimination claims is Title VII. *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (finding that Title VII provides "the exclusive judicial remedy for claims of discrimination in federal employment"); *Ethnic Employees of Library of Congress v. Boorstin*, 751 F.2d 1405, 1414–15 (D.C.Cir.1985) (finding that the federal employees cannot bring an employment discrimination claim under the Constitution). In his complaint, the plaintiff fails to claim that the defendant violated Title VII when it discriminated against him. Instead, he generally avers that the defendant's discriminatory actions were violations of Title VI, the Constitution, various civil rights acts, and "other federal laws prohibiting discrimination of the basis of race." *See, e.g.*, Pl.'s Third Am. Compl. ¶ 2. Of the six counts in the plaintiff's complaint, five of them are clearly related to employment discrimination claims (Count I race discrimination, Count II conspiracy to discriminate, Count III denial of due process, Count V constructive discharge, Count VI punitive damages) that must be brought under Title VII. Because the plaintiff had the assistance of counsel in submitting the current complaint and because the Court has already twice directed the plaintiff to cure the complaint's deficiencies, the Court will not grant the plaintiff leave to file a fourth amended complaint.[1]

██ Count IV, which appears to be a common-law claim for intentional infliction of emotional distress, can only be sought independent of Title VII if the emotional distress is unrelated to the employment discrimination. *See Jackson v. American Chemical Soc.*, 812 F.Supp. 239 (D.D.C. 1993); *Weiss v. Int'l Broth. of Elec. Workers*, 729 F.Supp. 144, 147 (D.D.C.1990). Here, the plaintiff claims that the emotional distress arose out of defendants' "failure to compete for employment and promotional opportunities arising out of the tortuous behavior of the Defendants," Pl.'s Compl. ¶ 62. Thus the claim for intentional infliction of emotional distress is not independent of the alleged employment discrimination and must be dismissed with prejudice. To the extent that the emotional distress is unrelated to the employment discrimination, the claim must also be dismissed because torts alleged against the

---

1. In his opposition to the motion to dismiss, the plaintiff also requested that the Court give him another chance to the amend his complaint. Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss at 6. The Eleventh Circuit has held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991). The Court has already given two chances to the plaintiff, who was represented by attorney for the second opportunity to amend, and the Court declines to give him another one. The Court also notes that the plaintiff's request in his opposition does not constitute a motion for leave to amend his complaint under Fed. R.Civ.P. 15(a), *Woodruff v. DiMario*, 197 F.R.D. 191, 195 (D.D.C.2000) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1280 (D.C.Cir.1994)), but even if it could be construed as a motion for leave to amend, repeated inability to cure a complaint deficiency is a sufficient reason for denying such a motion. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

federal government, aside from limited constitutional torts against federal officials, *see, e.g., Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), must be based on the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679.

### III.  Order

Upon consideration of the defendants' motion to dismiss, the opposition thereto, and the record in this case, it is, this 16th of October 2002, hereby

ORDERED that case is dismissed with prejudice;

SO ORDERED.