**Betty COOPER et al., Plaintiffs,**

v.

**FIRST GOVERNMENT MORTGAGE AND INVESTORS CORPORATION et al., Defendants.**

**No. CIV.A. 00–536(RMU).**

United States District Court, District of Columbia.

July 9, 2002.

Patrick A. Malone, Stein, Mitchell and Mezines, Washington, DC, Jean M. Constantine–Davis, Nina F. Simon, AARP Foundation Lit., for Plaintiff.

S. Ricardo Narvaiz, Fairfax, VA, for Defendants Equitable Mortgage Group and Darren Soodak.

Martin B. Ellis, J. Steven Lovejoy, David R. Breschi, Shumaker Williams, P.C., Towson, MD, for Defendants Chase Title and Mitchell Hyatt.

James M. Burns, Nihar R. Mohanty, Vorys Sater Seymour and Pease LLP, Washington, DC, for Defendant Altegra Credit Corporation.

Nathan I. Finkelstein, Finkelstein & Horvitz, Bethesda, MD, for Defendant First Government Mortgage and Investors Corporation.

### *MEMORANDUM OPINION*

URBINA, District Judge.

#### DENYING DEFENDANT SOODAK'S MOTION TO DISMISS

### I. INTRODUCTION

This case involves plaintiffs suing various mortgage brokers, assignees, and settlement agents alleging predatory and fraudulent lending tactics in violation of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C.Code § 28–3901 *et seq.*, the District of Columbia Mortgage Lender and Broker Act ("MLBA"), D.C.Code § 26–1101 *et seq.* (formerly § 26–1001), the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the corollary D.C. statute, D.C.Code § 28–3301. This lending fraud matter is before the court on defendant Darren Soodak's motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Soodak argues that the CPPA cannot apply to him in his individual capacity.[1] For the reasons that follow, the court denies the motion to dismiss because the plaintiffs have properly stated a claim against Mr. Soodak.

### II. BACKGROUND

The plaintiffs bring this suit alleging that defendants Darren Soodak, Equitable Mortgage Group, and First Government Mortgage and Investors Corporation violated the CPPA, MLBA, and TILA. Compl. ¶¶ 6, 112–44(k). Specifically, the plaintiffs claim that Mr. Soodak: (1) charged excessive fees and other costs and imposed onerous and unfair terms; (2) misrepresented benefits, interest rates, monthly payments, closing costs, and terms of the mortgage loans; (3) provided conflicting copies of loan documents; and (4) failed to disclose all required information. *Id.* ¶¶ 113–44(k). The complaint further alleges that Mr. Soodak directly violated the CPPA when he brokered mortgage loans "with [the] knowledge that there was no reasonable probability that the plaintiffs would be able to repay the loans." *Id.* ¶ 112(a). The plaintiffs also plead that Mr. Soodak "[t]ook advantage of plaintiffs' inability to protect their own interest by reason of their age, infirmities, illiteracy, inability to understand the language of the agreement and lack of sophistication." *Id.* ¶ 113(b). Mr. Soodak moves the court to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6).

### III. ANALYSIS

#### A. Legal Standard For Motion To Dismiss

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. FED.R.CIV.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim, not whether the plaintiff will prevail on the merits. FED. R.CIV.P. 12(b)(6); *Scheuer v. Rhodes*, 416

---

1. Mr. Soodak also argues that the MLBA does not apply to him in his individual capacity. Def.'s Mot. to Dismiss at 2. As the plaintiffs' complaint does not assert that Mr. Soodak is personally liable for violations of the MLBA, Mr. Soodak's argument regarding the MLBA is irrelevant. *See* Pl.'s Opp'n at 3.

U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The plaintiffs need not plead the elements of a prima-facie case in the complaint. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 999, 152 L.Ed.2d 1 (2002) (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in the complaint). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683.

### B. The CPPA

The CPPA provides consumers with a private cause of action against merchants who make or enforce unconscionable leases or sales provisions. D.C.Code §§ 28–3901, 28–3904(r); *Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C.1998). The CPPA defines its terms comprehensively so that it can provide a remedy for all improper trade practices. *DeBerry v. First Gov't Mortgage and Investors Corp.*, 743 A.2d 699, 700 (D.C.1999). Specifically, the CPPA prohibits any person from making or enforcing provisions of contracts for sales or leases which would "mislead, deceive, or damage[ ]" consumers. D.C.Code §§ 28–3904, 28–3904(r).

The term "person," as defined by the CPPA, encompasses "individual[s], firm[s], corporation[s], partnership[s], cooperative[s], association[s], ... [and] any other organization, legal entity or group of indi-

viduals however organized...." D.C.Code § 28–3901(a)(1). This general definition has been further limited to only include persons involved in "consumer-merchant relationships." *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709 (D.C.1981). Accordingly, a person who supplies consumer goods or services may be held liable under the CPPA. *Id.*

### C. The Court Denies Defendant Soodak's Motion To Dismiss

The defendant argues that the plaintiffs have not pled facts sufficient to establish a connection between the wrongful acts the plaintiffs allege in the complaint and the specific personal conduct of Mr. Soodak. Def.'s Mot. to Dismiss at 3. The court disagrees. First, to resolve Mr. Soodak's motion to dismiss for failure to state a claim on which relief could be granted, the court limits itself to the relevant law and the facts alleged in the complaint. Second, based on the clear language set forth in the CPPA, Mr. Soodak may be personally liable. D.C.Code § 28–3901(a)(1).

### 1. The Court Does Not Consider Defendant Soodak's Unsupported Factual Assertions

Mr. Soodak argues that he is not liable under the CPPA because the complaint fails to plead facts that are sufficiently specific. Def.'s Mot. to Dismiss at 3. In advancing this argument, Mr. Soodak refers to many facts outside the pleadings. Rule 12(b) requires, however, that "if matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...." FED.R.CIV.P. 12(b). The transformation of a motion to dismiss into a motion for summary judgment is not automatic. *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18–19 (1st Cir.1992); *Jane Lyons Advertising, Inc. v. Cook*, 1998 WL 164775 (D.D.C. 1998). Rather, the court has the ability to

*choose* to ignore supplementary materials and simply address the motion as a motion to dismiss under Rule 12(b)(6). *Id.* When matters outside of the pleadings are central to a plaintiff's claim, referred to in the complaint, and attached to the motion papers, the court *may* consider the documents without converting the motion to one for summary judgment. *Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C. 1999).

The defendant has not only failed to attach the relevant documents to his motion, but he has also continuously referred to numerous matters outside the pleadings without giving *any* record citation. Def.'s Mot. to Dismiss at 3, 6. More importantly, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is *entitled* to offer evidence to support the claims." *ACLU Found. of S. California v. Barr*, 952 F.2d 457, 467 (D.C.Cir.1991) (*en banc*) (quoting *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683) (emphasis added).

This court therefore need only determine whether the complaint has properly stated a claim, not whether the plaintiff will succeed on the merits. *See* FED. R.CIV.P. 12(b)(6); *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. Mr. Soodak's references are improper due to the lack of citations and the use of factual arguments that are irrelevant to a motion to dismiss. *See Vanover*, 77 F.Supp.2d at 98. Accordingly, the court disregards all unsupported factual statements presented by the defendant and, thus, limits its analysis to the relevant law and the facts alleged in the complaint.

### 2. Defendant Soodak May Be Liable Under the CPPA in His Individual Capacity

 Mr. Soodak argues that liability under the CPPA is limited to those individ-

uals who have significantly participated in a tortious act. Def.'s Mot. to Dismiss at 3. The CPPA, in contrast, very clearly states that an "individual" may be held liable for creating an unconscionable loan. D.C.Code § 28–3901(a)(1). In addition, under D.C. law, corporate officers may be held personally liable for torts in which they have some "meaningful participation." *Lawlor v. District of Columbia*, 758 A.2d 964, 977 (D.C.2000). Corporate officers may be liable for acts that a corporate officer commits, participates in, or inspires in the name of the corporation. *Vuitch v. Furr*, 482 A.2d 811, 821 (D.C.1984).

The complaint alleges that Mr. Soodak violated the CPPA by charging excessive fees, imposing unfair loan terms, misrepresenting the terms of the loan agreements, and failing to disclose all required information. Compl. ¶¶ 113–44(k). Since the CPPA does create individual liability, the plaintiffs have stated a claim on which relief may be granted. FED.R.CIV.P. 12(b)(6). Although they have not *proven* Mr. Soodak's involvement in the alleged violations, the plaintiffs are entitled to offer evidence at a later time to support these claims. *Barr*, 952 F.2d at 467. Consequently, the court denies Mr. Soodak's motion to dismiss.

Finally, Mr. Soodak also asks the court to strike the plaintiffs' Home Ownership and Equity Protection Act related theory.[2] Def.'s Mot. to Dismiss at 4 (referring to Compl. ¶ 107(d)). Because Mr. Soodak cites to no legal authorities in support of his argument, the court denies his request to strike this theory from the complaint.

### IV. CONCLUSION

For all these reasons, the court denies defendant Soodak's motion to dismiss. An

---

**2.** The Home Ownership and Equity Protection Act ("HOPEA") 15 U.S.C. § 1639, is part of the TILA. *See Hargraves v. Capital City*

*Mortgage Corp.*, 140 F.Supp.2d 7, 20 (D.D.C. 2000).

order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 9th day of July 2002.

### *ORDER*

#### DENYING DEFENDANT SOODAK'S MOTION TO DISMISS

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 9th day of July 2002, it is

**ORDERED** that defendant Soodak's motion to dismiss is **DENIED.**

**SO ORDERED.**