**Philip C. CHANDLER, Plaintiff,**

**v.**

**James G. ROCHE, Secretary, U.S. Air Force et al., Defendants.**

**No. CIV.A. 01–1606(RMU).**

United States District Court, District of Columbia.

Aug. 19, 2002.

Philip C. Chandler, Reston, VA, Pro se plaintiff.

Thomas M. Ray, Special Assistant U.S. Attorney, Washington, DC, for defendants.

### *MEMORANDUM OPINION*

URBINA, District Judge.

GRANTING THE DEFENDANTS'
MOTION TO DISMISS

### I. INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss for lack of jurisdiction and failure to state a claim on which relief can be granted. The *pro se* plaintiff, Phillip C. Chandler, alleges an ongoing conspiracy by the defendants to remove him from the D.C. Air Force National Guard ("AFNG"). The plaintiff claims that the defendants, in their official and individual capacities, violated his rights under the Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. The plaintiff seeks treble damages, back pay, reinstatement to his position, and eligibility for retirement as a Technician in the Air Guard Reserve. The defendants argue that the court lacks subject-matter jurisdiction and that intramilitary immunity bars the plaintiff's claims against his superiors. Because the plaintiff's requested damages exceed $10,000, exclusive jurisdiction over his claims against the United States lies with the Court of Federal Claims. In addition, because intramilitary immunity bars the plaintiff's damages claims against his military superiors, the court determines that the plaintiff failed to state a legal claim against them. Accordingly, the court grants the defendants' motion to dismiss.

### II. BACKGROUND

Philip Chandler served as a member of AFNG for over 18 years. Compl. Encl. 18. In 1997, Mr. Chandler began to experience problems with AFNG. *Id.* 5–6. His superiors accused him of improperly using a government credit card and behaving violently. *Id.* Then, because of the latter accusation, Mr. Chandler's superiors committed him to Walter Reed Army Hospital for psychological observation. *Id.*

On August 15, 1997, Mr. Chandler learned that his superiors recommended him for discharge. *Id.* at 6. On December 5, 1997, an Administrative Discharge Board convened and two days later recommended that AFNG discharge Mr. Chandler. Compl. Encl. 18. In May 1998, AFNG discharged Mr. Chandler. *Id.*

The plaintiff filed a challenge to his discharge with the Air Force Board for Correction of Military Records ("AFBCMR") on May 18, 1998. *Id.* AFBCMR denied Mr. Chandler's requested relief on February 3, 2000 and then denied his request for reconsideration on January 25, 2001. *Id.* Mr. Chandler filed this action on July 30, 2001. *Id.*

The plaintiff alleges that his AFNG superiors violated his constitutional and civil rights by wrongfully causing his discharge from the military and failing to properly review his discharge. *Id.* at 10, Encl. 8. The court interprets this *pro se* complaint as including claims against the individual AFNG superiors pursuant to the Constitution and 42 U.S.C. § 1983, and claims for judicial review of the Air Force's decision to discharge the plaintiff. Compl. The plaintiff seeks reinstatement in AFNG, back pay, treble damages, and eligibility for retirement from AFNG. *Id.* at 10. The defendants respond that this court lacks subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) to hear this case and that the plaintiff failed to state a valid legal claim pursuant to Rule 12(b)(6). Mot. to Dismiss at 3–11. The court dismisses the plaintiff's claims for review of the discharge for lack of subject-matter jurisdiction and dismisses

the constitutional and civil rights damages claims for failure to state a claim upon which relief can be granted.

## III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *Dist. of Columbia Retirement Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *E.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

Moreover, the court need not limit itself to the allegations of the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case. *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992).

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. FED.R.CIV.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. FED.R.CIV.P. 12(b)(6); *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. The plaintiff need not plead the elements of a prima-facie case in the complaint. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in the complaint); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C.Cir.2000). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. Dist. of Columbia,* 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

The plaintiff in this matter proceeds *pro se.* A *pro se* complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *Sparrow,* 216 F.3d at 1113 n. 2 (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Although a court will read a *pro se* plaintiff's complaint liberally, a *pro se* complaint must present a claim on which the court can grant relief. *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C.Cir. 1981).

### B. This Court Does Not Have Jurisdiction to Review the Plaintiff's Discharge Because the Plaintiff Seeks Over $10,000 in Damages

A former service member seeking a change in her discharge status may seek judicial review, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C.

§ 701 *et seq.*, of an adverse decision by the service's administrative review board. *Lewis v. Sec'y of Navy*, 1990 WL 454624, at *4–5 (D.D.C.1990). The APA provides an express exception to the sovereign immunity of the United States by entitling people who have suffered wrongs because of agency action to judicial review. 5 U.S.C. § 702.

■ The plaintiff's complaint asserts jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1346, and 1367(a),[1] and declares his rights "pursuant to the Fourteenth Amendment of the United States Constitution, to Substantive Due Process and *to be free from arbitrary, capricious, unreasonable and retaliatory government conduct.*" Compl. at 5 (emphasis added). The mention of "arbitrary," "capricious," and "seek review by the courts of his discharge," in the complaint combined with the liberal interpretations the court affords to the submissions of *pro se* plaintiffs, support the court's determination that the plaintiff asserts his claim for review of his discharge pursuant to the APA as well as 28 U.S.C. § 1346. While the APA does provide a foundation for the court to review a wrongful discharge claim, the APA only provides for remedies "other than money damages." 5 U.S.C. § 702. When a court determines that the plain effect of a favorable judgment against the United States would be financial gain for the plaintiff, then the Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. 1346(a)(2), control. *Brazos Elec. Power Cooperative v. United States*, 144 F.3d 784, 786 (Fed. Cir.1998); *Kidwell v. Dep't. of the Army*, 56 F.3d 279, 286 (D.C.Cir.1995).

The Tucker Act waives sovereign immunity and gives the Court of Federal Claims jurisdiction over monetary claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491; *see also Kidwell*, 56 F.3d at 283. The Little Tucker Act gives exclusive jurisdiction to the Court of Federal Claims in cases where the plaintiff seeks more than $10,000 and gives concurrent jurisdiction to the U.S. District Courts and the Court of Federal Claims in cases in which the plaintiff seeks $10,000 or less. 28 U.S.C. § 1346(a)(2). Thus, in cases not sounding in tort in which the plaintiff seeks damages against the United States exceeding $10,000, the plaintiff's only option is to bring his claim in the Court of Federal Claims.

■ According to the complaint, the equitable relief the plaintiff seeks—review and correction of his discharge status—would entitle him to at least $22,000. Compl. at 9. Additionally, the plaintiff seeks treble damages and back pay. *Id.* at 10. To the extent the defendant seeks damages against the United States in excess of $10,000, only the Court of Federal claims has jurisdiction. 28 U.S.C. §§ 1346(a)(2), 1491; *Kidwell*, 56 F.3d at 283. Therefore, the court dismisses the plaintiff's wrongful discharge claim against the United States for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

1. The defendant argues that 28 U.S.C. § 1346 is the only statute that could possibly provide the court with subject-matter jurisdiction to review AFBCMR's decision because it is the only one listed that waives sovereign immunity. Mot. to Dismiss at 3. In his response, the plaintiff fails to address how any of the statutes listed in the complaint provide jurisdiction. Pl.'s Response. The court concludes that of the statutes listed, 28 U.S.C. § 1346 is the only statute that provides the court with subject-matter jurisdiction to review AFBCMR's decision.

**170**

## C. The Doctrine of Intramilitary Immunity Precludes the Plaintiff's Claims Against His Military Superiors

■ Because the defendant's jurisdictional argument does not apply to the constitutional and Section 1983 claims for damages against the plaintiff's AFNG superiors, the court now turns to these claims. In *Feres v. United States*, the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Concerned about the disruption of the servicemember-superior relationship that would result if servicemembers could haul their superiors into court, the Court broadened the *Feres* doctrine to include constitutional claims for damages against individual members of the military. *Chappell v. Wallace*, 462 U.S. 296, 304–05, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). "In *Chappell*, a unanimous court established a 'per se prohibition on the filing of *Bivens*-type[2] actions by servicemen against their superiors.'" *Benvenuti v. Dep't of Defense*, 587 F.Supp. 348, 352 (D.D.C.1984) (footnote added) (internal citations omitted).

■ In this case, the plaintiff claims that the defendants violated his rights under 42 U.S.C. § 1983 and the Constitution by conspiring to remove him from the National Guard. Compl. at 9. These alleged constitutional harms occurred incident to military service, while the plaintiff was an active duty servicemember, and the defendants are the plaintiff's military superiors. *Id.* at 5–8. Consequently, the in-

tramilitary immunity doctrine, also called the *Feres* doctrine, bars these claims. *Chappell*, 462 U.S. at 304–05, 103 S.Ct. 2362.

The plaintiff argues that the *Feres* doctrine, or intramilitary immunity, does not apply to his superiors in AFNG because they are state, rather than federal, employees. Pl.'s Opp'n at 2. The plaintiff fails to cite any authority stating that *Feres* is limited to federal employees. *Id.* Regardless of whether the superiors are state or federal employees, they are his military superiors charged with "*Bivens*-type actions" and the claims against them could disrupt military discipline. *Benvenuti*, 587 F.Supp. at 352 (emphasis added); *Bois v. Marsh*, 801 F.2d 462, 470, n. 13 (D.C.Cir.1986) (applying the *Feres* doctrine to a claim based on 42 U.S.C. § 1985); *Knutson v. Wisconsin Air Nat'l Guard*, 995 F.2d 765, 770 (7th Cir.1993) (holding that the *Feres* doctrine bars Section 1983 damages suits against National Guard officers). The court concludes that the intramilitary immunity bars the damages claims against the plaintiff's superiors pursuant to the Constitution and Section 1983. Consequently, the court can grant no relief under any set of facts consistent with these claims and must dismiss them. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683.

## IV. CONCLUSION

For all these reasons, the court grants the defendants' motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this __ day of August 2002.

---

**2.** A *Bivens* action allows the plaintiff to sue and recover damages under a private cause of action for the violation of his constitutionally protected rights. *Bivens v. Six Unknown*

*Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); 17 Moore's Federal Practice, ¶ 124.41[2][b] (3d ed.1999).

## ORDER
### Granting the Defendants' Motion to Dismiss

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this ___ day of August 2002, it is

**ORDERED** that the defendants' motion to dismiss is **GRANTED.**

**SO ORDERED.**