**In re VITAMINS ANTITRUST LITIGATION.**

**Misc. No. 99–0197(TFH).**
**MDL No. 1285.**

United States District Court,
District of Columbia.

July 29, 2003.

tolling of the statute of limitations for a Sherman Act claim where a class action had been denied.

### MEMORANDUM OPINION

*Re: Foster Farms' and Del Mesa Farms'*
*Motion For Leave To File Third*
*Amended Complaint*

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is Plaintiffs Foster Poultry Farms, Inc.'s ("Foster Farms") and Del Mesa Farms, Inc.'s ("Del Mesa") Motion for Leave to File a Third Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendant E.I. DuPont de Nemours & Company ("DuPont") opposes this motion. Upon consideration of the Plaintiffs' motion, Defendant's Opposition, and Plaintiffs' Reply, the Court will grant Plaintiffs' motion.

### Background

On September 7, 2000, plaintiffs filed this action in the Eastern District of California alleging that defendants engaged in a vast worldwide conspiracy to fix prices and rig bids for vitamins products, and to allocate territories, customers, sales volumes and markets shares among suppliers of vitamins in violation of the Sherman Antitrust Act and California's Cartwright Act. Thereafter the Complaint was transferred by the Multidistrict Litigation ("MDL") panel to this Court for pretrial proceedings pursuant to 28 U.S.C. 1407 as one of many complaints raising similar allegations. Plaintiffs sought leave via stipulation to file a First Amended Complaint in order to clarify that Foster Farms was not seeking damages on the vitamins purchased indirectly from defendants. This was approved by the Court on October 17, 2001. Plaintiffs filed a second stipulation to file a Second Amended Complaint on January 23, 2002 in order to clarify the relationship between Foster Farms and Del Mesa. This was approved by the Court on January 24, 2002. On May 2, 2002, Foster Farms and Del Mesa filed the instant Motion for Leave to File Third Amended Complaint in order to

add DuPont as a defendant.[1] This motion is opposed by defendant DuPont.

## Discussion

■ Rule 15(a) of the Federal Rules requires either written consent of the adverse party or leave of the court to amend a pleading, but provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The grant or denial of a motion for leave to amend is within the Court's discretion, but it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as "undue delay, bad faith, dilatory motive ... repeated failures to cure deficiencies by [previous] amendments, undue prejudice to the opposing party ... [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1098 (D.C.Cir.1996), *cert. denied*, 519 U.S. 1077, 117 S.Ct. 737, 136 L.Ed.2d 676 (1997). The underlying purpose of Rule 15(a) is to facilitate a decision on the merits. *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

■ Further, while it is "clear that undue delay is a sufficient reason for denying leave to amend ... [c]onsideration of whether delay is undue, however, should generally take into account the actions of the other parties and the possibility of any resulting prejudice." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C.Cir.1996) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Doe v. McMillan*, 566 F.2d 713, 720 (D.C.Cir.1977); *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C.Cir.1981)). In turn, to show prejudice sufficient to justify a denial of leave to amend the "opposing party 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" *Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 425 (D.D.C.1993) (citing *Foremost–McKesson Inc. v. Islamic Republic of Iran*, 759 F.Supp.

855, 858 (D.D.C.1991) (quoting *Heyl & Patterson Int'l v. F.D. Rich Housing*, 663 F.2d 419, 426 (3rd Cir.1981))). In essence, to show prejudice, the non-movant must show unfairness in procedure or timing preventing the non-movant from properly responding. Following these guidelines, the Court will address the claims of the parties.

■ Plaintiffs argue that leave to amend should be granted under the liberal amendment standards of Fed.R.Civ.P. 15(a) so that they are afforded the opportunity to test their claims on the merits. Leave to amend should be granted in this case, plaintiffs argue as there has been no undue delay, bad faith or dilatory motive by the moving party, a repeated failure to cure deficiencies in the pleading, undue prejudice, or the amendment is futile. *See, e.g., Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). Noting that undue prejudice is the touchstone for the denial of leave to amend, *see F.D. Rich Housing*, 663 F.2d at 425, plaintiffs argue that DuPont will not suffer any prejudice as a result of amendment because both DuPont and plaintiffs have fully participated in the coordinated written and deposition discovery, and because the amended complaint does not seek to add any new factual allegations against DuPont.

Plaintiffs argue that they only recently became aware of the full extent of the proposed defendant's role in the conspiracy after having the opportunity to take the corporate depositions of the central players in the alleged conspiracy to fix vitamin prices. Plaintiffs claim that defendants revealed the details of the conspiracy and the involvement of the less central co-conspirators in the various statements recently proffered by the defendants prior to their Federal Rule 30(b)(6) depositions. Based on this new evidence, plaintiffs seek to add DuPont as a defendant.

Defendants oppose the motion on various grounds including: (1) plaintiffs do not meet

1. Plaintiffs originally sought leave to add additional defendants including: Nepera, Inc.("Nepera"); Reilly Industries, Inc. and Reilly Chemicals, SA (collectively "Reilly"); Sumitomo Chemical Co., Ltd. ("SCC") and Sumitomo Chemical America, Inc. ("SCAI") (collectively "Sumitomo"); and Tanabe Seiyaku Co., Ltd and Tanabe U.S.A., Inc. (collectively "Tanabe"). As a result of settlements and withdrawals, the Court has been informed that plaintiffs are no longer pursuing amendment with respect to these defendants.

the good cause standard of Rule 16; (2) undue delay; and (3) prejudice to the defendants. The Court has already rejected the first argument and will apply the liberal standard under Rule 15(a).[2] Defendants' arguments concerning undue delay and prejudice, while ultimately not persuasive, bear closer scrutiny.

Defendants argue that the motion for leave to amend at this late stage of the proceedings should be denied under Rule 15(a) standards as plaintiffs have unduly delayed filing and because it would prejudice DuPont. DuPont argues that the motion was filed just weeks before the end of discovery and that if it were granted, DuPont would need to, at a minimum, re-open plaintiffs' Rule 30(b)(6) deposition and may need to request additional deponents involved with plaintiffs' purchasing. This would create inefficiencies in the case. *See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247–48 (D.C.Cir.1987) (affirming a district court's denial of leave to amend where new discovery). DuPont points out that plaintiffs have had access to DuPont's 30(b)(6) deposition testimony and documents produced by DuPont since at least September 2000, but DuPont was not named in the original or amended Complaints filed by plaintiffs. As a result, DuPont did not attend or monitor the already-held deposition of Foster Farms, nor did they review the documents produced by defendants. Moreover, DuPont argues that even though it has vigorously litigated other cases in this MDL in which it has been specifically named, it has never evaluated any claims against it under the California Cartwright Act. Thus, contrary to plaintiffs' assertion, there are new claims against DuPont which DuPont will now have to deal with after discovery has ended and as it moves to the trial preparation phase of this case. Allowing the addition of this claim at this time creates an undue delay in trial preparation and would thus be prejudicial to DuPont. *See The Equity Group, Ltd. v. Painewebber Inc.*, 839 F.Supp. 930, 932 (D.D.C.1993) ("[U]ndue delay that causes prejudice to the opposing party can sustain a decision to deny leave to amend.").

The Court finds that although plaintiffs delay in amending the complaint was significant especially in light of the fact that they certainly knew of DuPont's relationships and involvement in the MDL, that delay without resulting prejudice to DuPont is not sufficient to warrant denial of plaintiffs' motion.[3]

**2.** DuPont argues that plaintiffs must satisfy the "good cause" standard of Fed.R.Civ.P. Rule 16(b) rather than the more liberal standard of Rule 15(a). The Court has addressed and dismissed this argument in another Memorandum Opinion. *See* Mem. Op. Re: Mot. for Leave to Supplement and Amend at 3 (March 18, 2002). DuPont argues, just as the defendants in the previous motion, that the Court ordered "Amended Proposed Order Establishing Pretrial Schedule and Procedures" dated April 28, 2000 ("April 28 Order") established a deadline for seeking leave to amend. As a result, DuPont argues that the Court should apply Rule 16(b) ("district judge ... shall ... enter a scheduling order that limits the time (1) to join other parties and to amend pleadings ...").

The April 28 Order established deadlines that could not apply to the parties in the instant case in this MDL. The April 28 Order set for the following pertinent deadlines: "Plaintiffs' counsel will identify all new plaintiffs on or before May 1, 2000."; "Plaintiffs will serve all domestic defendants ... on or before June 30, 2000. While it is clear that these deadlines do not specifically address the amendment of complaints, even if they did, they could not apply to the instant motion. The Complaint filed by plaintiffs in the instant motion was originally filed in California in September 7, 2000 and did not become a part of this MDL until at least November 2000 when the case was transferred to this Court by the MDL panel. Therefore, the relevant deadlines set in the April 28 2000 Order would be moot to parties in the instant case."

It would be an absurd result to apply the "good cause" standard to the instant motion. (Or, stated another way, it would logically follow that "good cause" would exist in all similar cases that were transferred to the MDL after deadlines had expired.) Due to the sheer magnitude and complexity of this MDL, not only has this Court allowed amendment after the April 28 Order, but the MDL panel has transferred cases, including the instant case, not only *after* the April 28 Order was entered, but also *after* many other deadlines in that Order had passed. In addition, the Court has specifically stated at the January 23, 2001 pretrial status conference that: "What I'll do is consider any such requests on the merits and you'll have to have leave of Court to be allowed to amend ...."

**3.** As stated above, plaintiffs sought to justify the delay in offering the amendment based on new evidence. While this may have been true with respect to other proposed defendants (which plaintiffs had previously sought to add but have

Significantly, DuPont has not shown the type of prejudice cognizable under Rule 15(a) and sufficient to warrant denial of the motion. The Court acknowledges that this is a closer question due to claims under California law, but DuPont acknowledges that it has participated in discovery and has prepared to defend claims arising from the same alleged conduct in other cases in the MDL. Further, as plaintiffs correctly point out, due to the sheer size of the case, all MDL defendants were required to coordinate discovery, *see* Pretrial Case Management Order No. 2, Paragraph 13. For example: defendants served joint discovery requests on plaintiffs as a group; all plaintiffs' depositions were divided up and various counsel took the "lead" on different depositions; and, defendants used consolidated document requests and interrogatories. As a result of the extensive discovery already taken, it is likely that the DuPont's interests as against plaintiffs are not unique, and it is likely that these interests have been adequately protected by other defendants in this action. The Court, however, has stated on various occasions in the MDL pretrial matters that it will not allow one side to dictate to discovery needs of the other. Therefore, should DuPont need to take additional, non-duplicative discovery it will be given the opportunity to do so.

The Court recognizes that the amended complaint will cause DuPont to have to review additional discovery by Foster Farms, but the Court does not find this to be particularly burdensome in this case. In fact, Foster Farms notes that this discovery amounts to less than one box of documents. Pl. Reply at 5, n. 2.

In sum, DuPont has not shown that it has been unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had plaintiffs the amendments been timely, therefore it has not shown prejudice sufficient to warrant denial of plaintiffs motion. *See Dooley*, 152 F.R.D. at 425. While the motion was filed late in the pretrial stage of this MDL litiga-

tion and close to the end of fact discovery, the coordinated efforts of defendants in discovery combined with the Court's allowance for additional discovery, if necessary, by DuPont, mitigate any perceived prejudice or unfairness to DuPont. This is especially so as DuPont is well acquainted with similar allegations in this litigation. Therefore, the Court will allow plaintiffs' motion for leave to amend.

### Conclusion

For the foregoing reasons, the Court will grant plaintiffs' Motion for Leave to File Third Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. An appropriate Order will accompany this Opinion.

---

since dropped), the argument is groundless with respect to DuPont. The "new evidence" with respect to DuPont appears to be an affidavit taken well before plaintiffs filed their complaint. Thus, it appears that plaintiffs could have, at a

minimum, included DuPont in one of its amendments prior to the instant amendment, however, where there is no prejudice or demonstration of bad faith plaintiffs' delay does not warrant denial of their motion.