United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 22-5103**

**September Term, 2023**

FILED ON: OCTOBER 2, 2023

MICHAEL J. DAUGHERTY AND LABMD, INC.,
APPELLANTS

v.

ALAIN H. SHEER, IN HIS INDIVIDUAL CAPACITY, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-02034-TSC)

Before: MILLETT, RAO, and WALKER, *Circuit Judges*.

**J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

**I**

In November 2015, LabMD, Inc. and its president, chief executive officer, and sole owner, Michael Daugherty, filed a *Bivens* action seeking damages against three Federal Trade Commission attorneys (Alain Sheer, Ruth Yodaiken, and Carl Settlemyer) and ten unnamed Federal Trade Commission employees for actions they allegedly took in an enforcement proceeding against LabMD. *See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Commission employees filed a motion to dismiss, which the district court granted as to all claims except for two First Amendment claims leveled against only Sheer and Yodaiken. The district court also denied Sheer and Yodaiken's qualified-immunity defense as to the First Amendment claims.

The parties filed a joint motion to revise the court's scheduling order, in which Sheer and Yodaiken indicated they were considering an interlocutory appeal and Daugherty and LabMD expressed their intention to file an amended complaint. In response, the district court entered a minute order providing that, if Sheer and Yodaiken appealed and this court reversed, "Plaintiffs may at that time pursue any further relief to which [they] believe they are entitled." J.A. 5. After Sheer and Yodaiken filed an appeal, the district court entered another order that directed "the Clerk of the Court * * * to Administratively Close this case." J.A. 6. The order further instructed that, once the appeal was resolved, "the parties may file a motion to return this case to the court's active docket[,]" and that "[a]ny such motion shall contain a proposed order for moving forward with this case." J.A. 6.

This court subsequently reversed the district court's denial of qualified immunity on the First Amendment claims. *See Daugherty v. Sheer*, 891 F.3d 386, 392 (D.C. Cir. 2018). Daugherty and LabMD petitioned for rehearing and rehearing en banc, which this court denied in August 2018. *See Daugherty v. Sheer*, No. 17-5128 (D.C. Cir. Aug. 3, 2018) (orders denying petition for rehearing and rehearing en banc). Daugherty and LabMD then filed a petition for a writ of certiorari with the Supreme Court, which was denied on March 4, 2019. *See Daugherty v. Sheer*, 139 S. Ct. 1294 (2019) (mem.).

Neither party took any further action before the district court for more than a year. Finally, in May 2020, the Commission employees moved for the entry of final judgment dismissing the case pursuant to Rule 58(d). In an email exchange between the parties' counsel regarding the motion, Daugherty and LabMD's counsel asked whether any motion for final judgment was needed, since the entry of the D.C. Circuit's "mandate (as filed in the district court)" was itself presumably "a sufficient conclusion to the lawsuit[,]" J.A. 384, language suggesting that Daugherty and LabMD also "belie[ved] that the litigation had concluded," J.A. 958. Nevertheless, Daugherty and LabMD opposed the motion and requested that the district court allow them "at least until July 14, 2020 (1) to obtain substitute trial counsel; (2) to file a motion for leave to file an amended complaint; and (3) to file a motion to return this case to the court's active docket as contemplated by the Court's July 6, 2017 Minute Order." J.A. 230. Daugherty and LabMD attached a draft amended complaint to that motion. The parties conducted further briefing on the motion for final judgment over the course of the next year and a half.

Daugherty and LabMD did not file a motion to amend the complaint by their proffered deadline of July 14, 2020. Instead, they waited 18 months—until January 2022—to file that motion. In their filing, Daugherty and LabMD represented that the draft amended complaint attached to their motion was "nearly identical to the proposed amended complaint filed June 1, 2020," containing primarily "nonsubstantive and clerical revisions." J.A. 433 (footnote omitted). They further argued that the proposed amended complaint contained "facts and evidence that ha[d] emerged from investigations of the FTC and lawsuits against the FTC subsequent to Plaintiffs' filing the original Complaint." J.A. 427. The draft amended complaint also proposed to add a

new defendant for each of the seven claims for relief. The Commission employees opposed the motion to amend in light of Daugherty and LabMD's "inordinate and unexplained delay[,]" and "the serious prejudice reopening would impose on defendants[,]" J.A. 886, due to the evidentiary problems posed by the passage of time and the burdens of defending personal-capacity lawsuits, *see* J.A. 894–896. Daugherty and LabMD did not file a separate motion to return the case to the district court's active docket.

On March 18, 2022, the district court issued two orders. The first order granted Sheer and Yodaiken's motion to enter final judgment and denied Daugherty and LabMD's motion for leave to file an amended complaint. The second order dismissed the case in its entirety without prejudice, granted final judgment, and directed the clerk to close the case.

In an oral ruling, the district court provided two reasons for denying Daugherty and LabMD leave to amend their complaint. First, Daugherty and LabMD "ha[d] not moved to reopen th[e] case and to return it to the active docket" as contemplated in the district court's minute order. J.A. 957. Second, Daugherty and LabMD had "allowed th[e] case to sit dormant" for "nearly four years * * * after the circuit's mandate issued." J.A. 958. The district court held that, because Daugherty and LabMD had "taken no action to reopen" and had earlier "express[ed] their belief that the litigation had concluded," they could not so belatedly "expect to restart the proceedings from day 1." J.A. 958.

## II

Daugherty and LabMD appeal the district court's denial of their motion for leave to amend and entry of final judgment. They argue that the district court abused its discretion both in declining to construe their motion to amend as a motion to return the case to the court's active docket and in denying that motion. We need not reach the first issue because, even if the district court should have treated the motion to amend as a motion to return the case to the active docket, the district court acted well within its discretion in denying leave to amend on the basis of LabMD and Daugherty's undue delay.

Rule 15(a) of the Federal Rules of Civil Procedure provides that district courts "should freely give leave" to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). While the decision whether to allow amendment is "committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by previous amendments[,] or futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (formatting modified) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, if a district court denies leave to amend, "it must state its reasons[.]" *Barkley v. Marshals Serv.*, 766 F.3d 25, 38 (D.C. Cir. 2014); *see Firestone*, 76 F.3d at 1209 ("We * * * have emphasized that a proper exercise of discretion requires that the district court provide reasons.").

3

Here, the district court had "sufficient reason" to deny Daugherty and LabMD's motion to amend. *Firestone*, 76 F.3d at 1208. The motion was exceptionally tardy—Daugherty and LabMD sought leave to amend more than six years after first filing their complaint, 41 months after this court issued its mandate on the first appeal, 34 months after the Supreme Court denied certiorari, and 18 months after the deadline they themselves had proposed for returning the case to the district court's active docket and amending their complaint. This court has previously upheld denials of motions to amend based on less delay than occurred here. *See, e.g.*, *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 246–247 (D.C. Cir. 1987) (affirming denial of motion to amend when less than a year had elapsed after this court's mandate); *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977) (affirming denial of motion to amend when 38 months had passed after a "complaint had been before the district court, this court and the Supreme Court"); *Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012) (affirming denial of motion to amend filed "five years after the initial complaint and after discovery had closed"). As a result, it was well within the court's discretion to conclude that Daugherty and LabMD had delayed unduly before moving to amend, "particularly in light of the purposes of qualified immunity expeditiously to weed out insubstantial *Bivens* claims and to protect public officials from the burdens of litigation[.]" *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (citation and quotation marks omitted).

To be sure, Daugherty and LabMD provided advance notice of their motion to amend in their opposition to the Commission employees' motion for entry of final judgment. *Contrast McMillan*, 566 F.2d at 720 ("[A]ppellants gave no indication before that Court of any potential change in their theory of the case."). But at the same time, they asked the district court to allow them only "at least until July 14, 2020[,]" to so move, yet then delayed filing for another 18 months after that date. Daugherty and LabMD have provided "no reason" for "wait[ing] years" before filing their amended complaint. *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015). The mere fact that their delay was preceded by notice of an intended filing timeframe that they then wholly ignored does not make their lengthy delay any less undue.

Daugherty and LabMD argue that the district court could not deny their motion to amend absent finding actual prejudice to the Commission employees. *See* Daugherty Opening Br. 22. Our precedent "make[s] clear that undue delay is a sufficient reason for denying leave to amend." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). Yet we have left open the question of whether prejudice "is *always* required" when a district court rejects a motion to amend on that basis. *Mowrer v. Department of Transp.*, 14 F.4th 723, 733 (D.C. Cir. 2021) (emphasis added); *see Atchinson*, 73 F.3d at 426 ("Consideration of whether delay is undue, however, should *generally* take into account the actions of other parties and the possibility of any resulting prejudice.") (emphasis added). And we have required a showing of prejudice "[w]here an amendment would do no more than clarify legal theories or make technical corrections[.]" *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999). At the same time, we have upheld denials of leave to amend without a showing of prejudice where, like here, plaintiffs sought to add new legal theories or factual allegations. *Id.*; *see, e.g.*, *Elkins*, 690 F.3d at 565 (upholding denial of

4

leave to amend complaint "to add a new theory of liability" on the basis of undue delay without a finding of prejudice).

For their part, Daugherty and LabMD seek to add not just new "facts and evidence" in their amended complaint, J.A. 427, but also a whole new defendant. This court has presumed prejudice under such circumstances. *See McMillan*, 566 F.2d at 719–720; *id.* at 720 ("When a plaintiff seeks to file an amended complaint this tardily, it is within the sound discretion of the district court, in consideration of the potential prejudice to the other party and the interest in eventual resolution of litigation, to deny leave to amend."). This presumption is especially appropriate in qualified-immunity cases, *see Cameron*, 983 F.2d at 258, when, as here, the defendants have argued that granting the motion to amend would inflict actual prejudice upon them.

Daugherty and LabMD are also incorrect that the district court did not state a reason for denying their motion to amend. *See* Daugherty Opening Br. 20; *Firestone*, 76 F.3d at 1209; *Barkley*, 766 F.3d at 38. In its oral ruling, the district court specifically cited undue delay as a basis for its ruling. The district court noted that Daugherty and LabMD had "allowed the case to sit dormant" for "nearly four years * * * after the circuit's mandate issued[,]" and explained that, "[h]aving taken no action to reopen and indeed expressing their belief that the litigation had concluded," Daugherty and LabMD could not "expect to restart the proceedings from day 1." J.A. 958. Although this language does not use the precise term "undue delay," that is its obvious import. And it provides more explanation than those opinions that this court has found offered insufficient analysis in denying a motion to amend. *See, e.g.*, *Firestone*, 76 F.3d at 1209 ("[W]e find error in the district court's *complete failure* to provide reasons for refusing to grant leave to amend.") (emphasis added); *Parker v. Baltimore & Ohio R.R. Co.*, 652 F.2d 1012, 1018 (D.C. Cir. 1981) (district court's statement that "the proffered amended and supplemental complaint [did] not substantially alter the nature of plaintiff's original cause of action" was not "a sufficiently clear statement of [the district court's] reason[ing]") (first alteration in original).

Finally, even if the district court did not explicitly mention prejudice to the defendants, allowing such an extreme delay in a qualified-immunity case—especially when the amended complaint would add a new defendant and new claims years after qualified-immunity defenses were resolved for all other defendants—would result in prejudice here. *Cf. Firestone*, 76 F.3d at 1209 (reversing district court's denial of motion to amend in part because district court provided no justifications for denial *and* "the record * * * reveal[ed] none of the legitimate reasons * * * that may justify denial of leave to amend"); *see generally Williams v. Lew*, 819 F.3d 466 (D.C. Cir. 2016) (holding unreasoned minute order denying leave to amend was harmless error).

* * * * *

For the foregoing reasons, the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is

directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk